MOORE (ALEXANDRIA v.). See Case No. 185.

MOORE (BANK OF COLUMBIA v.). See Cases Nos. 875 and 876.

MOORE (BANK OF METROPOLIS v.). See Case No. 901.

MOORE (BANK OF UNITED STATES v.). See Case No. 930.

MOORE (BEBEE v.). See Case No. 1,202.

## Case No. 9,753.

### MOORE v. BROWN et al.

[4 McLean, 211.][1]

Circuit Court, D. Illinois. June Term, 1847.

TAXATION—TAX TITLES—REQUIREMENTS OF STATUTE—NOTICE OF SALE—STATUTE OF LIMITATIONS.

1. In selling lands for taxes, the requirement of the statute must be complied with. And this especially applies to the giving of notice of sale.

[Cited in Cahoon v. Coe, 57 N. H. 596; Thurston v. Miller, 10 R. I. 360.]

2. A deed for land sold for taxes, which, upon its face, shows that legal notice of the sale was not given, is void. Such a deed can not avail a person who sets up a defense under the statute of limitations.

[Cited in Shoat v. Walker, 6 Kan. 68.]

[This was an action of ejectment by Joshua J. Moore against James Brown, Alfred Brown, Harmon Hogan, and Joseph Froward.]

Williams & Butterfield, for plaintiff.

Logan & Lincoln, for defendants.

OPINION OF THE COURT. This is an ejectment for the south half of section 35, town 12, range 1, in Warren county, of this state. Patent to Amos Davenport for the land. Deed from him to Dewy. This deed was objected to, because the acknowledgment is defective. The person taking the acknowledgment does not certify that the person making it was known to him. Rev. St. Ill. 1845, p. 106, it is provided that a deed for land in Illinois, executed in any other state, "in conformity with the laws of such state," shall be good to convey real estate in Illinois. The deed objected to was executed in Vermont, and the law of that state, it is believed, does not require, as in New York, and in some other states, the person taking the acknowledgment to certify that the one who makes it is known to him. Dewy conveyed to Cole, and he to the plaintiff.

The defendants admit themselves to be in possession, and they set up in defense a sale of the premises for the taxes of 1821 and 1822, on the 9th of December, 1823. The act of the state requires the taxes to be paid on or before the 1st of October, annually, and if not so paid, the auditor is required to have the lands published three weeks, the last publication to be sixty days before the sale. The act of 1835 limits a suit to seven years after adverse possession. It is not denied, but admitted, that the land was sold for taxes before the expiration of the time required by the law, before it should be sold, and the question arises, whether under such a title, the occupant can set up the statute of limitations. It must be admitted, that to entitle an occupant to plead the statute, he need not have an effective deed. This would dispense with the statute, for it is only beneficial to

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

the tenant when his title is not paramount to that of the plaintiff. But here the question is, whether a deed void upon its face, can enable an individual to avail himself of the statute.

A strict construction has uniformly been given to tax titles. It is necessary that, at least the requisites of the law, through which an individual is divested of his title, should be substantially complied with. We see the necessity of this rule, in the case under consideration. Three hundred and twenty acres of land have been sold for less than twenty dollars. If such sacrifices can be made, where there is a departure from the requirements of the law, there is no safety to the owners of real estate in Illinois, especially if they be non-residents. But this rule should not be so technical as to render a sale for taxes of no value. It is the duty of the land holder, resident or non-resident, to contribute his proportion to the revenues of the state, by which public improvements are made, and the value of the property of the people is greatly enhanced. And every non-resident who fails to pay his taxes should be made to suffer for a disregard of his own interest, as well as the interest of the state. But there is often difficulty in procuring faithful agents. If sales for taxes were made with more care, and a stricter observance of the law, it would give a higher value to those sales, and fewer sacrifices would be made.

We suppose that the deed before us is void upon its face. The law requires a notice to be given, before the sale, which the face of this deed shows has not been given; it is therefore void, and can afford no protection, under the act of limitations. Verdict for plaintiff. On suggestion of the counsel, the above question was certified to the supreme court, as to the validity of the deed.

[This case went to the supreme court on a certificate of division in opinion between the judges of this court. It was decided in the supreme court that the deed was void, and therefore inadmissible as evidence; Mr. Chief Justice Taney, Mr. Justice Catron, and Mr. Justice Grier dissented. 11 How. (52 U. S.) 414.]